**UNION BANK, a corporation, Petitioner,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent.**

**Misc. No. 1686.**

United States District Court
C. D. California.

May 24, 1967.

---

Musick, Peeler & Garrett, by B. A. Bevan, Jr., Los Angeles, Cal., for petitioner.

Wm. Matthew Byrne, Jr., U. S. Atty. for Central District of California, by Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Division, and William P. Lamb, Asst. U. S. Atty., Los Angeles, Cal., [Attorneys designated by Respondent pursuant to Local Rule 1 (d)], for respondent.

## OPINION AND ORDER

CLARKE, Chief Judge.

This cause is before the court on petition for an order setting aside a demand of the Equal Employment Opportunity Commission.

Marguerite M. Buckley, an attorney formerly employed in petitioner's law division, made a charge before respondent Commission, alleging petitioner had discriminated against her because of her sex. She alleged that male lawyers doing comparable work were paid higher salaries and held corporate titles. In one instance, Miss Buckley alleged, a male attorney who was newly admitted to the State Bar of California and who had had no prior legal experience was designated by petitioner as associate counsel, while Miss Buckley had performed the same work over a period of years without being given a title.

As part of its investigation of these charges, the Commission has demanded that petitioner furnish it an "IBM tab run" i.e., a list showing *inter alia*, names and addresses of all the bank's 2100 employees.

The Commission apparently wishes to use the tab run, and information gleaned by interviews with the individual employees listed, to establish whether the bank's employment practices show a pattern of sex discrimination.

The only question before the Commission is whether Miss Buckley was discriminated against as an employee of the petitioner's law division. Existence or nonexistence of discrimination in other departments of the bank is not relevant to the question of discrimination among the professional personnel of the law division.

The court finds the Commission's demand goes far beyond the standards of relevance set by 42 U.S.C. § 2000e–8(a). The petition for an order setting aside the demand of the Commission is granted.