LILLIAN HUGHES, COMPLAINANT-RESPONDENT, v. CY-PRESS GARDEN APARTMENTS, INC., A NEW JERSEY CORPORATION; SAMUEL SCHWARZ; HARRY WILF; JOSEPH WILF, AND MRS. FRANCES DEVICO, RESPONDENTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted February 8, 1972—Decided February 29, 1972.

Before Judges LEWIS, HALPERN and LORA.

*Messrs. Pollack and Markson,* attorneys for appellants (*Mr. Aldan O. Markson,* of counsel and on the brief).

*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Roger L. Hillman,* Deputy Attorney General, on the brief).

PER CURIAM. Lillian Hughes filed a complaint on June 4, 1969 with the New Jersey Division of Civil Rights, charging that, on March 22, 1969, one Devico, agent of respondent Cypress Garden Apartments, Inc. (Cypress) denied her, because of race, the same opportunity to rent an available apartment as was given to other people. She alleged a violation of the New Jersey Law Against Discrimination.

The Director of the Division, pursuant to *N. J. S. A.* 10:5–14, filed a notice of a determination on June 16, 1969, that probable cause existed for crediting the allegations of the complaint and scheduled a conciliation conference for July 1, 1969. The notice stated:

If this Conciliation Conference does not result in a satisfactory agreement for settling the issues involved in the complaint, a Public Hearing will be scheduled to be held no later than 20 days after the date of the Conciliation Conference * * *.

Approximately 11 months later (May 28, 1970) Cypress received notice that it was required to answer the charges of complainant at a hearing set for June 29, 1970. At that hearing it moved to dismiss the complaint because a hearing had not been scheduled within 20 days following the conciliation conference and it was therefore prejudiced by the delay and inaction of the Division. The hearing examiner reserved decision on the motion, proceeded to take evidence, and approximately ten months thereafter (April 13, 1971) filed recommended findings of fact and conclusions of law.

He found that complainant had proved discrimination on the part of Cypress. Objections to the examiner's report were filed and, on May 25, 1971, the Director of the Division determined that the Division's rules of practice and procedure are directory and not mandatory and that the evidence supported a finding of discrimination based on race in violation of the law. Cypress appealed.

We note that when the hearing examiner asked counsel for respondents whether he had requested a hearing at any time he responded:

We under that the matter was disposed of following the Conciliation Conference. At that time the agent came out and inspected the books and records of the company, and he indicated they were satisfied at the time that there was no further need for action, and I personally closed my file at that point.

Nothing in the record suggests that this assumption by counsel, that the matter was satisfactorily settled at the conciliation conference, was unreasonable. See *Park Ridge v. Salimone*, 21 *N. J.* 28, 49–50 (1956).

█ *N. J. A. C.* 13:4–32 provides, in pertinent part, that "hearings shall be scheduled no later than 20 days after the date of the Conciliation Conference." That rule should be read *in pari materia* with *N. J. A. C.* 13:4–2, 30 and 37. In the circumstances it is unnecessary for purposes of this opinion to decide whether the 20-day period in *N. J. A. C.* 13:4–32 is directory or mandatory.*

---

*We note, however, that even the strictest possible construction of the pertinent rules would not result in a rigid requirement that every hearing be held within 20 days of an unsuccessful conciliation conference. The rules provide that the Director, after having scheduled a hearing, may adjourn it and, after having notified all interested parties of the adjournment, may reschedule a new hearing at any time. The rules also provide that the Director may, after notifying all parties and in the interest of justice, relax the application of the rules. The significance of the Director's exercise of these powers is that the party who will or may someday be called to answer charges at a hearing is notified promptly of that fact. In this way necessary administrative flexibility is preserved without sacrifice of anyone's right to due process of law.

■ The record supports the uncontradicted claim of Cypress that it was seriously prejudiced by the inordinate delay of the Division in notifying respondents that a hearing would be held.

A resolution of critical fact issues in this type of proceeding should not have to rest on conflicting testimony where memories are rendered hazy and murky by the passage of time and events.

Reversed.