MANPOWER, INC., a corporation organized under the laws of the State of Delaware with its principal office in Milwaukee, Wisconsin, and Manpower, Inc. of Texas, a wholly-owned subsidiary of Manpower, Inc., Petitioners,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., Respondents.

No. 71–C–423.

United States District Court,
E. D. Wisconsin.

May 3, 1972.

Quarles, Herriott, Clemons, Teschner, & Noelke, by James A. Urdan, Milwaukee, Wis., for petitioners.

Equal Employment Opportunity Comm., Trial Section, by Nancy Stanley, Atty., Washington, D. C., for respondents.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioners in this action are members of a group of 61 employers and employment agencies who have been charged by the commissioner of the Equal Employment Opportunity Commission with unlawful employment practices in violation of § 706(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 (a). Subsequent to the filing of the charge, the commission served a demand for access to evidence upon the petitioners pursuant to §§ 709(a) and 710(a) of the Act, 42 U.S.C. §§ 2000e–8(a), 2000e–9(a). The petitioners have instituted this action for relief from the demand, and the commission has answered and counterpetitioned for an order enforcing the demand; the respondents have also demanded judgment on the pleadings or summary judgment.

As pertinent here, the commissioner charged:

"I have reasonable cause to believe that the above named Respondents are within the jurisdiction of the Equal Employment Opportunity Commission and are in violation of Section 703(a) and (b) of the Act, 42 U.S.C. § 2000e–2(a) (b) and Section 704(b) of the Act, 42 U.S.C. § 2000e–3(b) by engaging in an advertising, hiring and recruitment program that discriminates against applicants on the basis of sex.

"1. Respondents General Foods Co., Lee Jeffreys, Inc., and Marketing Answers Corp., are currently engaged in a nation-wide marketing program that *inter alia* provides for the discriminatory hiring of applicants on the basis of sex.

"2. Said Recruitment program provides that all supervisory personnel be male and all non-supervisory personnel be female.

"3. Above named employment agencies and personnel referral agencies are currently complying with the directives of the discriminatory hiring program and selecting candidates on the basis of sex in violation of 703(a) (b) and 704(b) of the Act.

"4. Respondent General Foods, Inc., has and continues to engage in similar discriminatory contracts with Marketing Answers, Inc., and other similar marketing agencies.

"5. Respondent Marketing Answers, Inc., has and continues to engage in similar discriminatory hiring, recruitment and marketing activities with General Foods, Inc., and other similar contractors.

"6. Respondent employment agencies have in the past and continue to accept requests for referral and refer clients for employment in a manner which discriminates against such clients on the basis of their sex.

"7. Above named Respondents acting in concert and with other agencies, corporations and marketing services have and continue to engage in discriminatory hiring and recruitment activities in violation of 703(a) (b) and 704(b) of the Act."

The commission's demand for access to evidence seeks the following items:

"1. List of all persons on file as of June 1, 1971, seeking part-time or temporary work.

"2. List of all accounts that have requested the referral of personnel on the basis of sex or in any way indicated a preference for one sex in the past year.

"3. Copies of all correspondence with Marketing Answers Corp.; Lee-Jeffreys Inc., or General Foods Co. within the past year in which a preference for one sex was indicated.

"4. Copies of all correspondence with any clients marketing services, or other employment agencies within the past year where any reference was made to the hiring and/or referral of applicants in which a preference for one sex was indicated.

"5. Copies of all ads placed in newspapers within the past year in which a preference for one sex was indicated.

"6. Copies of any brochures, announcements, or general literature that indicated a preference for one sex for any given job.

"7. Any and all like or related records in addition to those heretofore enumerated, if any, which would enable the Equal Employment Opportunity Commission to determine, pursuant to Title VII of the Civil Rights Act of 1964, whether *Manpower, Incorporated* has discriminated against males and/or females by failing to extend to them the same opportunities for all jobs as extended to members of the opposite sex."

The petitioners urge that the basis for the charge against them stems from the receipt of two unsolicited purchase orders from Marketing Answers Corp. which included distinctions as to sex in describing the occupational qualifications. The petitioners urge that they refused to accept the purchase orders and made no referrals of personnel to Marketing Answers. They also contend that there is no basis for the commissioner's charges and that the demand for access to evidence is overbroad in that it bears no reasonable relation to the investigation of the employment practices of Marketing Answers Corp., Lee Jeffreys, Inc. or General Foods Co.

The commission has a duty to charge an employment agency with an unlawful employment practice and to conduct an investigation into the charge whenever there is reasonable cause to believe that a violation of Title VII has occurred. § 706, 42 U.S.C. § 2000e–5(a). The factual basis for the charge may be stated generally, and the commission need not allege the specific acts which constitute the violation. General Employment Enterprises v. Equal Employment Opportunity Commission, 440 F.2d 783 (7th Cir. 1971). The investigative powers of the commission are broad and extend to the examination and copying of the records of any person being investigated provided such records are relevant to any unlawful employment practice covered by Title VII of the Civil Rights Act of 1964. Parliament House Motor Hotel v. Equal Employment Opportunity Commission, 444 F.2d 1335 (5th Cir. 1971); Blue Bell Boots, Inc. v. Equal Employment Opportunity Commission, 418 F.2d 355 (6th Cir. 1969).

Manpower's denial of the facts upon which the commissioner has bottomed his charge does not negate the respondents' authority to conduct an investigation without first proving a factual basis for the charge. Graniteville Co. v. Equal Employment Opportunity Commission, 438 F.2d 32 (4th Cir. 1971); Cameron Iron Works v. Equal Employment Opportunity Commission, 320 F. Supp. 1191 (S.D.Tex.1970). In Graniteville Co., supra, the court stated at page 36 of 438 F.2d:

" 'Title VII contains no provision authorizing a general inquiry into the sufficiency of the evidence supporting a charge' * * *. The EEOC in its investigation is seeking only to determine the existence of *reasonable cause* to believe the charge is true. See 42 U.S.C. § 2000e–5(a). * * * The statutory standard to be applied in a Demand enforcement proceeding is one of relevancy and materiality, not one of reasonable cause to believe the charge is true. 42 U.S.C. § 2000e–9 (a)."

See also Local No. 104, Sheet Metal Workers International Association, AFL–CIO v. Equal Employment Opportunity Commission, 439 F.2d 237 (9th Cir. 1971).

In my opinion, the evidence sought to be discovered by the commission's demands enumerated 1–6 inclusive is both relevant and material to the investigation into the charge of sex discrimination, and the respondents are therefore entitled to an order enforcing those demands. However, that portion of the commission's demands which is contained in paragraph number 7 (quoted above) should not be enforced because it is overbroad. The petitioners have a duty to comply in good faith with the demands of the commission, and in my opinion there is no need for the very general demand contained in paragraph 7. Georgia Power Co. v. Equal Employment Opportunity Commission, 295 F.Supp. 950 (N.D.Ga.1968), affirmed, 412 F.2d 462 (5th Cir. 1969).

I also find that the respondents are entitled to an order for judgment, pursuant to Rule 56, Federal Rules of Civil Procedure, dismissing the instant petition.