153 N.J. Super. 470 (1977)
380 A.2d 285
JUNE DECKER, COMPLAINANT-RESPONDENT,
v.
BOARD OF EDUCATION OF THE CITY OF ELIZABETH, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1977.
Decided November 14, 1977.
*472 Before Judges LORA, SEIDMAN and MILMED.
Mr. Robert J. Hrebek argued the cause for appellant (Messrs. Murray, Meagher and Granello, attorneys).
Mr. Joseph M. Gorrell, Deputy Attorney General, argued the cause for respondent Division on Civil Rights (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Ms. Erminie L. Conley, Deputy Attorney General, of counsel).
PER CURIAM.
The Board of Education of the City of Elizabeth (board) appeals from a determination of the Division on Civil Rights that it had discriminated against its employee, June Decker, a cook-manager, on account of her sex, in paying her a lower salary than that of a male employee performing the same function, in violation of N.J.S.A. 10:5-12(a). She was awarded damages in the amount of $1,700 plus 8% interest. The board contends that (1) the complaint was barred by N.J.S.A. 10:5-18 in that the verified complaint was not filed pursuant to N.J.A.C. 13: 4-3.1 within 180 days after the alleged act of discrimination; (2) the 44 1/2-month delay in processing the complaint was a denial of due process; (3) the determination of discrimination was not supported by substantial evidence in the whole record, and (4) it was denied a full, fair and impartial hearing by the conduct of the hearing examiner.
The record reveals that complainant June Decker filed a preliminary complaint form with the Division on April 19, 1972, setting forth January 27, 1972 as the date of incident of discrimination. It appears that a copy thereof was not served on the board. A verified complaint was filed on August 1, 1972. The board asserts that N.J.S.A. 10:5-18 provides that any complaint must be filed within 180 days after the alleged act of discrimination, and N.J.A.C. 13:4-3.1 specifies that an action may be commenced by the filing of a verified complaint at the offices or with any official *473 or field representative of the Division. The argument is advanced that an action is deemed filed only when the verified complaint has been filed, and unless this is done within 180 days after the alleged act of discrimination, the action is barred.
The hearing examiner took the position below, and the Division argues on appeal, that (1) the 180-day period was tolled by the filing of the preliminary complaint, and the verified complaint related back to that date, i.e., April 19, 1972, and (2) the act of discrimination was a continuing one in that every pay period constituted a new or another violation of the statute.
Our research has not disclosed any New Jersey cases discussing the 180-day requirement of the statute. However, an analogous federal statute, § 706(e) of the Civil Rights Act, 42 U.S.C.A. §§ 2000e-5(e), which similarly requires that a charge of an alleged unlawful employment practice be filed with the Equal Employment Opportunity Commission within 180 days of the alleged discrimination, has been interpreted by the federal courts so as not to deny substantive rights of complainants because of procedural defects before the administrative body, particularly where the employer has not been prejudiced. See, e.g. Choate v. Caterpillar Tractor Co., 402 F.2d 357, 360 (7 Cir.1968) where plaintiff filed a written complaint with the Equal Employment Opportunity Commission within the statutory period but failed to swear to it under oath, as required by the statute. See also, Weeks v. Southern Bell Tel. & Tel. Co., 408 F.2d 228, 231 (5 Cir.1969); Georgia Power Co. v. Equal Employment Opportunity Comm'n, 295 F. Supp. 950, 953 (N.D. Ga. 1968), aff'd 412 F.2d 462, 467 (5 Cir.1969); Gates v. Georgia-Pacific Corp., 492 F.2d 292 (9 Cir.1974).
Under the circumstances of this case where Decker filed a preliminary complaint within the 180-day period and the verified complaint was filed a few days beyond the 180 days following the date of incident without any resultant prejudice to the board, we are of the view that the verified *474 complaint should be held to relate back to the date of the filing of the preliminary complaint. Moreover, we are persuaded that the act of discrimination was a continuing one; that the complaint was properly amended on December 12, 1973 to charge a continuing violation from January 27, 1972, and hence the verified complaint was not filed beyond the period of limitation. Bartmess v. Drewrys U.S.A., Inc., 444 F.2d 1186, 1188 (7 Cir.1971), cert. den. 404 U.S. 939, 92 S.Ct. 274, 30 L.Ed.2d 252 (1971); Macklin v. Spector Freight Systems, Inc., 156 U.S. App. D.C. 69, 478 F.2d 979 (1973); Cox v. United States Gypsum Co., 409 F.2d 289 (7 Cir.1969).
Appellant next contends that it was denied due process by the length of time (44 1/2 months) which elapsed between the filing of the verified complaint and the time when it was noticed that a hearing would be held on the matter. The hearing itself began in May 1976. The only explanation for the inordinate delay, which we cannot condone, is the heavy backlog of complaints awaiting hearing. However, the finding below, which is supported by the record, was that the board suffered no prejudice as a result of the delay.
The board asserts that (a) a Mrs. Young who originally interviewed the male cook-manager whose entrance salary was fixed at the maximum, had retired and moved to Las Vegas in 1973 and therefore was not available to testify, and (b) it had to pay interest on the back pay from June 1971 to September 1976. We note that a conciliation conference was held on April 5, 1973, at which time the alleged discrimination against complainant Decker was still occurring. The board was then well aware that the case was pending and although it could have deposed Mrs. Young (out-of-state if necessary), it did not do so because the complaint seemed to it to be "on its face out of time and prosecution seemed absolutely barred by statute." No effort was made to contact Mrs. Young about the case after it learned that a full hearing would be held. Furthermore, it appears that Mrs. Young's testimony regarding why the male cook-manager was paid *475 the maximum salary on entrance, would have been merely cumulative. Additionally, our reading of the record satisfies us that there is no merit to the board's contention that due to the long delay the witnesses were unclear about what had happened. Cf. Hughes v. Cypress Garden Apartments, Inc., 118 N.J. Super. 374 (App. Div. 1972).
The award of interest for the period June 1971 to September 1976 was proper and not prejudicial. The purpose of the back pay award was to make complainant whole, to compensate her for her rightful wages. During the period of discrimination, the board had the use of the money to which complainant was entitled and hence it was "unjustly enriched ... and therefore equity and justice requires payment by way of interest for its use." Hodgson v. American Can Co., 440 F.2d 916, 922 (8 Cir.1971).
Our review of the record in its entirety establishes that, contrary to the board's contentions, the hearing examiner conducted the hearing in a fair and impartial manner and the Director's finding that complainant was denied equal pay on the basis of sex, in violation of N.J.S.A. 10:5-12(a), is supported by sufficient credible evidence in the record as a whole. Jackson v. Concord Co., 54 N.J. 113, 117-118 (1969); Peper v. Princeton Univ. Bd. of Trustees, 151 N.J. Super. 15, 24-25 (App. Div. 1977); Harvard v. Bushberg Bros., 137 N.J. Super. 537, 540 (App. Div. 1975), certif. granted 71 N.J. 493 (1976), dismissed by stipulation.
Affirmed.