inculpating himself. Accordingly, on the retrial defendant will be entitled to introduce this evidence on his behalf.

Defendant further argues that the prosecutor's actions denied him a right to a fair trial, that the trial judge himself failed to conduct the trial in an impartial manner and that his right to confrontation was violated by the prosecutor's improper elicitation of testimony that a nonwitness coconspirator had implicated defendant. Our review of the record, however, satisfies us that each of these issues is clearly without merit. R. 2:11–3(e)(2). We do not address defendant's challenge to the sentence, namely, that the consecutive nature of the sentence on the conspiracy charge was unduly punitive and manifestly excessive. In any event, defendant will have to be resentenced if he is convicted on the retrial.

Reversed and remanded for a new trial.

FELICIA B. JAMISON, COMPLAINANT-RESPONDENT, v. BOARD OF EDUCATION OF ROCKAWAY TOWNSHIP, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 3, 1979—Decided December 20, 1979.

550

Before Judges ALLCORN, MORGAN and HORN.

*Jacob Green* argued the cause for appellant (*Ellen Harrison* on the brief).

*Stephen B. Wiley* argued the cause for respondent (*Wiley, Malehorn* and *Sirota*, attorneys; *Robert S. Goldsmith* on the brief).

*Joseph M. Gorrell,* Deputy Attorney General, argued the cause for the Division on Civil Rights (*John J. Degnan,* Attorney General, attorney; *Erminie L. Conley,* Assistant Attorney General, of counsel).

The opinion of the court was delivered by

HORN, J. A. D.

On December 6, 1978 Dr. Felicia B. Jamison filed a verified complaint with the Division on Civil Rights in which she claimed that the Board of Education of Rockaway Township, Morris County (Board), and certain named individuals associated therewith, in violation of *N.J.S.A.* 10:5-4, had discriminated against her because she was a member of the black race. Specifically, she claimed that she was rejected for the position of assistant

principal of the Birchwood Elementary School and that the position was given to another person, notwithstanding that she, Jamison, was better qualified.

The Board duly filed its answer, denying that Jamison was rejected because of her race and denying that it discriminated against her. Both by way of a separate defense and by way of a specific motion the Board sought to obtain a transfer of the controversy to the Commissioner of Education (Commissioner). The Board asserted that the latter "tribunal" had concurrent jurisdiction with the Division and was the "more appropriate forum for the resolution of the issue." In both its answer and its motion the Board cited *Hinfey v. Matawan Bd. of Ed.*, 77 *N.J.* 514 (1978), as authority for its request to transfer.

The Board initiated this appeal by leave of court when the Division denied its motion to transfer the controversy to the Commissioner.

At the outset, the parties appear to agree that at least as to appropriate cases involving public schools the Division and the Commissioner have concurrent jurisdiction of discrimination complaints, and that a transfer from the Division to the Commissioner in such cases may be made.[1] The Board conceded at oral argument that fundamentally our review was limited to a determination of whether the Division's denial constituted an appropriate exercise of its discretion or whether it constituted an arbitrary and capricious abuse of its discretion. Our review leads us to conclude that the Division's ruling was not arbitrary or capricious. Consequently we affirm.

---

[1] *N.J.S.A.* 18A:6–9 provides:

> The commissioner shall have jurisdiction to hear and determine, without cost to the parties, all controversies and disputes arising under the school laws, excepting those governing higher education, or under the rules of the state board or of the commissioner.

■ Although *Hinfey, supra,* recognized that the Division and the Commissioner enjoyed concurrent jurisdiction in appropriate situations, it did not hold that all cases involving school problems should be decided by the Commissioner. *Hinfey* was concerned with discrimination complaints which principally involved public school curricula and courses of study.[2] These, it held, should be transferred from the Division to the Commissioner.[3] Here, however, there is no such broad panoply of alleged discriminatory practices. Rather, the issue is simply whether Jamison was not appointed because of her race—allegedly an employment discrimination.

The Board would define the issue solely in terms of whether the successful appointee to the position was better qualified. Thus, it argues that the Commissioner is more competent to decide such issue. The Board's definition of the issue is spurious. Qualifications certainly would be relevant to the issue of race discrimination, but that is not the issue itself. *Cf. Peper v. Princeton Univ. Bd. of Trustees,* 77 *N.J.* 55, 82–83 (1978). And as to the real issue of discrimination in such cases the Division is completely competent. This is not to say that the Commissioner or other experts may not be called upon to furnish opinions in the Division proceeding.

The Division's authority to render decisions regarding discriminatory employment practices in the public educational system and the public sector in general has been exercised in the following cases: *Countiss v. Trenton State College,* 77 *N.J.* 590 (1978) (sex discrimination in tenure-reappointment policy); *Castellano v. Linden Bd. of Ed.,* 158 *N.J.Super.* 350 (App.Div.1978), rev'd in part, 79 *N.J.* 407 (1979), and *Gilchrist v. Haddonfield Bd. of Ed.,* 155 *N.J.Super.* 358 (1978) (sexually discriminatory sick

---

[2] . . . By an order the Director [of the Division] severed and retained jurisdiction over that part of the complaint alleging unlawful employment practices. [77 *N.J.* at 519.]

[3] It should be mentioned that this action was promoted by the Attorney General, in whose Department the Division was created. *N.J.S.A.* 10:5–6.

leave policy); *Decker v. Elizabeth Bd. of Ed.*, 153 *N.J.Super.* 470 (App.Div.1977), certif. den. 75 *N.J.* 612 (1978) (woman received lower salary than men for same duties).

For the foregoing reasons the refusal of the Division to direct the transfer of the controversy to the Commissioner is Affirmed.[4]

---

[4]We have not found it necessary to address other questions in the case, such as (1) willingness or requirement of the Commissioner to accept jurisdiction simply because the Division orders a transfer, in the absence, as here, of a petition or other proceeding invoking the Commissioner's jurisdiction or (2) differences in sanctions which may be imposed respectively by the Division and the Commissioner to enforce an order or to punish one found guilty of undue discrimination. *N.J.S.A.* 10:5–17.