173 N.J. Super. 249 (1980)
414 A.2d 30
GENEVA TERRY, HELEN PAPP AND EDITH SAVAGE, COMPLAINANTS-RESPONDENTS,
v.
MERCER COUNTY BOARD OF CHOSEN FREEHOLDERS AND MERCER COUNTY YOUTH HOUSE, RESPONDENTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 1, 1980.
Decided April 18, 1980.
*251 Before Judges FRITZ, KOLE and LANE.
Harvey L. Stern, Mercer County Counsel, attorney for appellants (William L. Boyan, Assistant County Counsel, of counsel and on the brief).
John J. Degnan, Attorney General of New Jersey, attorney for respondents (Stephen Skillman, Assistant Attorney General, of counsel; Kenneth I. Nowak, Deputy Attorney General, on the brief).
PER CURIAM.
Appellants appeal the decision of the Director of the Division on Civil Rights upholding complainants' allegations that their *252 employer, Mercer County Youth House, discriminated against them on the basis of sex, as prohibited by N.J.S.A. 10:5-4. The Director found that complainants were paid a lower salary than males employed in the same capacity, they were required to perform housekeeping duties not required of male supervisors and they were denied equal promotional opportunities.
On appeal appellants raise the following issues:
I. WERE THE COMPLAINTS BARRED BY THE STATUTE OF LIMITATIONS, N.J.S.A. 10:5-18, OR, IN THE ALTERNATIVE, WERE DAMAGES PRECLUDED FOR THOSE DISCRIMINATORY ACTS WHICH OCCURRED BEFORE 180 DAYS BEFORE THE COMPLAINTS WERE FILED?
II. WERE DIFFERENT SALARY SCALES FOR BOYS' SUPERVISORS AND GIRLS' SUPERVISORS WARRANTED BY THE REAL DIFFERENCES IN DUTIES BETWEEN THE TWO POSITIONS?
III. DID THE DIVISION ERR IN ORDERING THE ELIMINATION OF ANY DISTINCTION BETWEEN THE TWO POSITIONS, WHERE SEX WAS A "BONA FIDE OCCUPATIONAL QUALIFICATION" FOR EACH POSITION?
IV. DID THE DIVISION ERR IN AWARDING COMPLAINANTS EXTRA COMPENSATION FOR THEIR ADDITIONAL DUTIES?
V. DID THE DIVISION ERR IN AWARDING COMPLAINANTS BACK PAY FOR WHAT THEY WOULD HAVE RECEIVED HAD THEY BEEN PROMOTED TO A SENIOR SUPERVISORY POSITION IN 1975?
VI. DID THE DIVISION ERR IN AWARDING HUMILIATION DAMAGES?
VII. DID THE DIVISION ERR IN MANDATING THAT COMPLAINANTS BE PROMOTED TO THE SENIOR SUPERVISORY POSITION AS SOON AS A VACANCY OCCURRED, REGARDLESS OF THE CIVIL SERVICE "RULE OF THREE"?
Having carefully reviewed Points I, II, IV, V and VI, we conclude the Director's decision "is supported by sufficient credible evidence on the record as a whole." R. 2:11-3(e)(1)(D). Among those issues only Point I merits further comment.
*253 N.J.S.A. 10:5-18 requires that any complaint under the Law Against Discrimination, N.J.S.A. 10:5-1 et seq., be "filed within 180 days after the alleged act of discrimination." If the discriminatory conduct can be said to constitute a continuing violation occurring beyond 180 days before the complaint was filed, then the complaint is timely. Hebard v. Basking Ridge Fire Co., No. 1, 164 N.J. Super. 77, 84 n. 4 (App.Div. 1978); Decker v. Elizabeth Bd. of Ed., 153 N.J. Super. 470, 474 (App.Div. 1977), certif. den. 75 N.J. 612 (1978). The payment of unequal wages and discriminatory refusals to promote are continuing violations for purposes of determining whether a claim is barred. Decker v. Elizabeth Bd. of Ed., supra; Clark v. Olinkraft, Inc., 556 F.2d 1219, 1222 (5 Cir.1977), cert. den. 434 U.S. 1069, 98 S.Ct. 1251, 55 L.Ed.2d 772 (1978); Mobley v. Acme Markets, Inc., 473 F. Supp. 851, 858 (D.Md. 1979), and Jacobs v. Bd. of Regents, etc., 473 F. Supp. 663, 668-669 (S.D.Fla. 1979). The same reasoning would be true of the additional duties required of the female supervisors.
The 180-day time limit is not a restriction on damages. Relief from a continuous illegal employment policy may be granted as early as the effective date of the act (June 1970), even if that date is before the beginning of the filing limitations. Acha v. Beame, 570 F.2d 57, 65 (2 Cir.1978); Kyriazi v. Western Elec. Co., 461 F. Supp. 894, 901 (D.N.J. 1978), vacated in part on other grounds 473 F. Supp. 786 (D.N.J. 1979); Equal Employment Opportunity v. North Hills, 455 F. Supp. 335 (W.D. Pa. 1978). The Director correctly chose the effective date of the sex-discrimination amendment as the beginning of the period for which damages could be computed.
We agree with appellants' contention in Point VII that the following portion of the Director's order exceeded the bounds of his otherwise broad discretion:
... [Appellants] ... shall place them [complainants] in the first available openings for Senior Supervisory positions, in order of Complainants' *254 score on the civil service exam. No male shall be placed into a Senior Supervisor position until all the Complainants have been placed into such positions. All future assignments of job duties and salaries for Senior Supervisory positions shall be determined in a non-discriminatory manner.
Since we are informed that complainant Papp has died, at issue is whether Terry, who placed first on the promotional examination, and Savage, who placed second, could be ordered promoted whenever the next vacancies occur. Such an order would circumvent the "rule of three," N.J.S.A. 11:22-16, in that a complainant would have to be selected for the first two positions, rather than any one of the first three eligibles.
In Talman v. Burlington Cty. College Bd. Trustees, 169 N.J. Super. 535, 541-542 (App.Div. 1979), certif. den. 81 N.J. 407 (1979), the court struck down that portion of the Director's order which required preferential treatment of women applicants before considering similarly qualified men, cautioning that the Director "may not by his orders produce discrimination," 169 N.J. Super. at 542. In Flanders v. William Paterson College of N.J., 163 N.J. Super. 225, 234 (App.Div. 1978), the court upheld an order requiring promotional "consideration" to females before males, rendering the following saving interpretation:
... We find no legal infirmity in any of those provisions of the Director's order so long as the provision therein requiring consideration for faculty promotions to be given first to women is not intended to prefer women above men or to subordinate the promotion of qualified men to women in a manner of reverse discrimination. If this directive is merely intended to insure women consideration of their applications, as the Attorney General appears here to argue, then we do not find it susceptible to a reverse discrimination charge. [163 N.J. Super. at 234-235; emphasis in original]
Since the Director's order is cast in mandatory terms and excludes even the consideration of males, such portion of the order must be stricken.
*255 Paragraph 3(a) of the order provides:
Respondents shall cease and desist from the unequal allocation and assignment of job duties between Boys and Girls Supervisors. All job duties and assignment shall be made in an equal non-discriminatory manner, taking into account seniority.
That paragraph could be interpreted to mean that women could be assigned as Boys Supervisors and men as Girls Supervisors. There is a valid reason to require that Girls Supervisors be only women and Boys Supervisors be only men. It would be inappropriate to have men strip-search girl inmates and women strip-search boy inmates. Insofar as paragraph 3(a) of the order does not permit the Mercer County Youth House to limit the Boys Supervisors to men and the Girls Supervisors to women, it is vacated.
Paragraph 5 of the order provides that once complainants are made Senior Supervisors, their choice of shifts and like benefits and privileges "shall be made on the basis of their seniority as Senior Supervisor being at least equal to the most senior male Senior Supervisor."
This provision affecting the rights of those persons who are Senior Supervisors is unjustified and unreasonable. Paragraph 5 is modified to provide that complainants' seniority rights will commence at the time they are appointed Senior Supervisors.
We express our disapproval of appellants' violation of R. 2:6-2(a)(4) and (5), in that they have intermingled legal argument (complete with case citations) and the statement of facts. Such misplaced argument wastes the court time and undermines the required form of a statement of facts: a concise "narrative chronological summary incorporating all pertinent evidence."
The Director's order is modified as set forth herein. In all other respects it is affirmed.