George WASHINGTON, et al.,
Plaintiffs,

v.

BROWN & WILLIAMSON TOBACCO CORPORATION, Defendant.

Civ. A. No. 80–114–MAC.

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 7, 1985.

Charles A. Mathis, Jr., Harold S. Lewis, Jr., Macon, Ga., Steve Ralston, New York City, for plaintiffs.

Frank C. Jones, Atlanta, Ga., Buckner F. Melton, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Presently before the court are defendant's motion to restrict plaintiffs' discovery (filed April 23, 1984) and plaintiffs' motion for order compelling discovery (filed May 3, 1984). The discovery requests at issue are (1) plaintiffs' renewed request for answers to interrogatories and (2) plaintiffs' notice to take deposition and requests for production of documents. Defendant objected to the discovery in part on the ground that the court's order allowing Davis to intervene was incorrect. On May 6, 1985, the court denied defendant's motion to reconsider the intervention order. The court also directed defendant to submit a list of the discovery requests which it opposes on other grounds. Defendant subsequently advised the court that it continues to oppose all the discovery requests.

The scope of discovery is defined by Federal Rule of Civil Procedure 26(b)(1), which provides: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." The phrase "relevant to the subject matter involved in the pending action" has been construed broadly. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). The Supreme Court has held that parties may obtain discovery on "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* On the other hand, discovery does have boundaries: discovery not "reasonably calculated to lead to the discovery of admissible evidence" is improper. *Id.* at 351–52, 98 S.Ct. at 2389–90.

The question before the court is whether the subject of the proposed discovery fits within this concept of relevancy.[1] Plaintiffs contend the proposed discovery is relevant to the class certification issue. (Plaintiffs' motion for order compelling discovery at ¶ 4). The court's task in ruling on the discovery motions in this case is, therefore, to determine whether there is any possibility that this case may be maintained as a class action. If there is such a possibility, then class certification is an issue in the case and plaintiffs may obtain discovery on that issue. Conversely, if there is no possibility that this suit will be tried as a class action, the plaintiffs' request for discovery must be denied.

As stated earlier, plaintiffs contend the requested discovery is relevant to the class certification issue. This court is mindful that in determining whether a class action may be maintained it has no "authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on

---

1. Defendant has never alleged that the discovery requests are overly burdensome. *Cf. Georgia*

*Power Co. v. EEOC,* 295 F.Supp. 950, 953–54 (N.D.Ga.1968), *aff'd,* 412 F.2d 462 (5th Cir.1969).

the merits, but rather whether the requirements of Rule 23 are met." *Id.* at 178, 94 S.Ct. at 2153 (quoting *Miller v. Mackey International, Inc.,* 452 F.2d 424, 427 (5th Cir.1971)). On the other hand, the Supreme Court has made it clear that before a suit can go forward as a class action under Rule 23, a plaintiff who wishes to represent the class must demonstrate that his claim has some connection with the claims of the would-be class members. *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 157–59, 102 S.Ct. 2364, 2370–71, 72 L.Ed.2d 740 (1982).

■ The plaintiff in the *Falcon* case alleged that he was denied a promotion because he is a Mexican-American. He sought to maintain a class action on behalf of Mexican-American applicants who were not hired by Falcon's employer. The issue before the Supreme Court was the propriety of the class action. Deciding that issue, the Court held:

> Without any specific presentation identifying the questions of law or fact that were common to the claims of respondent and of the members of the class he sought to represent, it was error for the District Court to presume that respondent's claim was typical of other claims against petitioner by Mexican-American employees and applicants. If one allegation of specific discriminatory treatment were sufficient to support an across-the-board attack, every Title VII case would be a potential companywide class action. We find nothing in the statute to indicate that Congress intended to authorize such a wholesale expansion of class-action litigation.

*Id.* at 158–59, 102 S.Ct. at 2371. The court further stated that "[t]he mere fact that an aggrieved private plaintiff is a member of an identifiable class of persons of the same race or national origin is insufficient to establish his standing to litigate on their behalf all possible claims of discrimination against a common employer." *Id.* at 159 n. 15, 102 S.Ct. at 2371 n. 15. The Court advised district courts to carefully evaluate a plaintiff's claim that he is a proper class

representative under Rule 23 of the Federal Rules of Civil Procedure. *Id.* at 160, 102 S.Ct. at 2372. The same language from *Falcon* was relied upon by the Court last term in *Cooper v. Federal Reserve Bank of Richmond,* —— U.S. ——, ——, 104 S.Ct. 2794, 2800, 81 L.Ed.2d 718 (1984).

The Eleventh Circuit recently had occasion to review a district court order denying class certification in a Title VII lawsuit. *See Morrison v. Booth,* 763 F.2d 1366 (11th Cir.1985). In that case the court stated:

> It [the district court] correctly concluded ... that while plaintiffs need not prove the merits of their claims at this [class certification] stage, they must provide more than bare allegations that they satisfy the requirements of Rule 23 for class certification. Plaintiffs must show some nexus with the alleged class. *See Waller [sic] v. The Jim Dandy Co.,* 638 F.2d 1330 (5th Cir.1981).... Plaintiffs simply leap from the premise that they were the victims of discrimination to the position that others must also have been.

*Id.* at 1371. *See generally Griffin v. Carlin,* 755 F.2d 1516 (11th Cir.1985); *Walker v. Jim Dandy Co.,* 747 F.2d 1360 (11th Cir.1984); *Giles v. Ireland,* 742 F.2d 1366 (11th Cir.1984).

■ The law is thus absolutely clear that the named plaintiffs in the present case must show a sufficient connection with the proposed class members before the court could allow the case to proceed as a class action. The court has previously invited the plaintiffs to submit evidence that there is a possibility that they will be able to show such a connection. Absent such evidence, the court must agree that at the present time the requested discovery is not relevant.

The evidence submitted by the plaintiffs consists of thirty-seven affidavits (filed February 27, 1981) as well as the testimony of four of the named plaintiffs, intervenor Davis, four other Brown & Williamson employees, and a statistical expert (see hearing transcript). There is no need for the court to rehash that evidence here. After carefully reviewing the evidence, the

court's opinion is that there is no possibility at this time that the plaintiffs will be able to show the requisite nexus with the proposed class members. In particular, intervenor Davis' claim (that Brown & Williamson discriminated against him in connection with his application for the position of electronic technician) is too individualized to be susceptible of class consideration. *See Giles*, 742 F.2d at 1371 n. 13. The requested discovery is therefore not relevant to this case.

Accordingly, plaintiffs' motion for order compelling discovery is DENIED and defendant's motion to restrict plaintiffs' discovery is GRANTED.