Baxter K. WILLIAMS et al., Appellees,

v.

The ALBEMARLE CITY BOARD OF ED-
UCATION, a Public Body Corporate,
Appellant.

No. 73-1479.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 3, 1974.

Decided Dec. 3, 1974.

Richard Lane Brown, III, Albemarle,
N. C. (Richard L. Brown, Jr., and
Brown, Brown & Brown, Albemarle, N.
C., on brief), for appellant.

J. LeVonne Chambers, Charlotte, N.
C. (Chambers, Stein, Ferguson & Lan-
ning, Charlotte, N. C. and Jack Green-
berg and Norman J. Chachkin, New
York City, on brief), for appellees.

Before HAYNSWORTH, C. J.,
BRYAN, Senior Circuit Judge, and

WINTER, CRAVEN, BUTZNER, RUSSELL, FIELD and WIDENER, Circuit Judges, sitting en banc, on resubmission.

DONALD RUSSELL, Circuit Judge:

The basic facts herein are sufficiently detailed in the opinion of the original panel which heard the case and need not be restated. In its opinion, the original panel affirmed the District Court's finding that the appellee Williams, formerly a school principal employed by the appellant school district, had "suffered racial discrimination in his demotion from principal to assistant principal in the appellant school system [1] but reversed its award of damages to the appellee. It rested the denial of damages on the ground that the appellee had, by his unreasonable refusal to accept alternative employment offered by the appellant school district at the time of the "demotion" failed to mitigate, as he was obligated his damages. The appellee petitioned for a rehearing on this denial of damages. Rehearing was granted for the purpose of reviewing that denial. On rehearing, we set aside the decision of the original panel on the matter of the appellee's right to damages and affirm the decree of the District Court granting damages.

In reaching this conclusion, we assume the correctness of the school board's contention that a teacher or school administrator, "demoted" or discharged illegally may be precluded from the recovery of damages therefor by an unreasonable refusal to accept alternative employment. See United States v. Chesterfield County School District (4th Cir. 1973) 484 F.2d 70, 76; Rolfe v. County Board of Education (6th Cir. 1968) 391 F.2d 77, 81. But whether the refusal to accept alternative employment is so unreasonable as to preclude recovery of damages by the improperly discharged or demoted employee requires a weighing of many facts and circumstances. Comparability in salary, which apparently the appellant school district assumes to be the sole test of a reasonable offer of alternative employment, is only one fact to be considered in this connection. Comparability in status is often of far more importance—especially as it relates to opportunities for advancement or for other employment—than comparability in salary. Accordingly, a discharged or demoted employee is not required in mitigation of damages, to accept alternative employment of an "inferior kind", or of a more "menial nature", or employment outside of his usual type or for which he is not sufficiently qualified by experience, or employment the inferiority of which might injuriously affect the employee's future career or reputation in his profession.[2] Whether the discharged or demoted teacher reasonably refused the alternative employment for any of these reasons is ordinarily a factual issue to be resolved by the District Court, whose decision will be reversed only for clear error. Green v. Kaynar Manufacturing Co. (9th Cir. 1966) 369 F.2d 375, 376; American Trading Co. v. Steele (9th Cir. 1921) 274 F. 774, 783.

The District Court in this case, it is conceded, made no explicit finding

---

1. Both parties to the appeal describe in their briefs the demotion as one from principal to vice-principal. This follows the language in the answer of the appellant school district to the interrogatories directed at it by the appellee. In this answer, it is stated that the appellee was advised by the appellant's superintendent that "his work would be that of an assistant principal at either the Junior or Senior High Schools." At oral argument, counsel for the appellee referred to the written offer of alternative employment as made the appellee. In this written offer, it is stated that the appellee's duties in the alternative employment "will be made by the superintendent of schools." We do not, however, find this inconsistent with the answer given by the school district in its answer to the appellee's interrogatories. Actually, it would seem the answer to the interrogatory supplemented and made clear the somewhat indefinite statement appearing in the written offer.

2. N. L .R. B. v. Madison Courier, Ihc. (1972) 153 U.S.App.D.C. 232, 472 F.2d 1307, 1327; see cases collected in Annotation, 44 A.L.R. 3d 629, at pp. 641, 644, 646, and 651.

that the appellee's refusal of the offer of alternative employment was reasonable. However, such a finding is implicit in the findings made and conclusions reached by the District Court. The sole basis on which the school district pressed on the District Court its defense of failure by the appellee to mitigate his damages was that he had inexcusably refused alternative employment. Thus, the issue of the right of the appellee to damages turned entirely on whether the appellee had unreasonably refused alternative employment, as offered by the appellant school district. When the District Court found that the appellee was entitled to damages, it necessarily found that he had not unreasonably refused that alternative employment. And the appellant school district, with commendable frankness, concedes that this is a proper construction of the District Court's findings. The sole issue on appeal is accordingly whether such implicit finding was clearly erroneous. We perceive no such clear error in the finding.

■ The alternative position offered the appellee was one that, unlike that of school principal, involved actual teaching. The appellee had been exclusively engaged in administrative duties for several years and felt a possible lack of present qualification to engage in actual teaching. Moreover, there can be little question that the alternative employment was of a kind "inferior" to that previously followed by the appellee; so much necessarily follows from the District Court's finding that the alternative employment constituted a "demotion". A "demotion", too, may reasonably be calculated to reflect on one's professional competency and to affect his career and professional reputation. More importantly, the acceptance of the alternative employment in this case could well have been regarded as an acquiescence by the appellee in his racially discriminatory demotion. To require such acquiescence would mean that one who has been discriminated against would be obliged, in order to mitigate damages, to submit to the very discrimination of which he complains and which the Court has found. These circumstances, whether taken singly or in combination, insulate the District Court's finding against any claim of clear error.

■ The defendant school district raised during oral argument two subsidiary questions. It urged that any award of interest be terminated as of the date in 1973 when the school district offered the appellee reinstatement as a principal. This offer, however, was not made until after the appellee had accepted another position for the school year 1973–4. To sustain the school district's position would be to require the appellee, in order to mitigate damages, to violate his contract made with another school, a contract forced on him by the wrong of the appellant school district. The appellant school district by its belated offer, could not impose on the appellee in this situation the unreasonable burden of violating his contract with the other school. Similarly we find no merit in the appellant school district's argument on the allowance of costs.

Since the appellant school district has taken no exception to the calculation of damages as made by the District Court (except as to the right to interest after the offer of reinstatement as principal to which we earlier adverted and which, in our opinion, did not authorize a termination of appellee's right to interest), the decree of the District Court awarding damages to the appellee is affirmed.

BRYAN, Senior Circuit Judge (dissenting):

Although recognizing the keen riposte of the majority opinion on rehearing, I remain pursuaded to the original panel's determination in respect to the damage claim. In this I assess as "clearly erroneous" the District Court's implied finding that appellee Williams had *not* "unreasonably refused the alternative employment".

There was no solid ground for his declination of the assistant principalship held out to him as alternative employment. That his objection was not really

based on loss of rank, prestige or stature is disclosed by his request "that my time be split between the two schools, *assistant* at the junior high school and *assistant* at the senior high school". (Accent added.) Note that one of these is of lower grades than the Albemarle school in which he was to serve as assistant principal.

In giving the Superintendent of Schools his reasons, he said the "salary was fine but that he didn't want to teach" for "he didn't feel qualified to teach". The new position did entail teaching 50% of the time in his own field (science). Williams' subsequent conduct utterly repudiates his pose of teaching to account for his decision.

In the very next employment he obtained—at Barber-Scotia College for the session following his termination in Albermarle—he bound himself "to giving full time during the academic year [while Acting Registrar] to *teaching the subjects* assigned by the College Administration" at a salary of $2000.00 less than he would be paid at Albemarle. (Accent added.) Again, in the two immediately succeeding years—1970–71 and 1971–72—while he was principal in Pender County, he "spent in teaching" three hours a day, divided between two schools [1] Q.E.D.: thus he *unreasonably* refused the Albemarle employment. The finding of the District Court is plainly unfounded in predicating damages on the contrary argument.

Truth is that of the $6767.35 awarded Williams by the District Court as damages, $5723.56 consisted of expenses incurred in accepting and occupying *teaching* jobs, the very objection he interposed against the appointment suggested to him by Albemarle.

It is a misconception to expound the panel's holding as requiring the appellee to accede to the demotion in order to mitigate damages or, put another way, the holding was that the available mitigation exacted of him, as a prerequisite

to its receipt, his consent to the demotion. The tender and acceptance of it were not conditioned upon surrender of any claim he might have for injury incident to the demotion. His annual salary remained undiminished; his claim to the salary supplements of his previous office was not nullified. In addition, recovery for any harm done his reputation through assigning him to some teaching duties was not foreclosed.

The School Board should not be saddled with damages and costs on so tenuous and capricious assertions as appellee Williams'.

WIDENER, Circuit Judge, concurs in this dissent.

---

[1] His testimony is that in the Pender schools his salary was $1133.00 per month for 10¼ months—exceeding his Albemarle salary by more than $2000.00 annually. The District Judge made no finding on this item.