137 N.J. Super. 537 (1975)
350 A.2d 65
LUCILLE INGRAM HARVARD, COMPLAINANT-RESPONDENT,
v.
BUSHBERG BROTHERS, INC., GILBERT BUSHBERG, HAROLD BUSHBERG AND STANLEY WALSH, RESPONDENTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 2, 1975.
Decided December 11, 1975.
*539 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Edward N. Schwartz, attorney for respondents-appellants (Mr. Edward A. Halpern on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent Division on Civil Rights (Mr. Richard M. Conley, Deputy Attorney General, of counsel; Mr. Raymond A. Noble, Deputy Attorney General, on the brief).
The opinion of the court was delivered by BISCHOFF, J.A.D.
In June of 1972 Lucille Ingram Harvard, complainant, filed a complaint with the Division on Civil Rights charging that she was denied a promotion to the position of credit manager as a result of discrimination because of her sex. A public hearing was held before a hearing examiner who found discrimination in violation of N.J.S.A. 10:5-12(a) and recommended that complainant be awarded $2,170 compensatory damages and $1,000 humiliation damages. The Director of the Division entered an order adopting the examiner's findings and recommendations. The employers, respondents herein, appeal.
Complainant, having some eight months' experience in processing credit applications and making credit investigations, received a job in respondents' credit department working directly under the credit manager. While the nature and extent of her duties and authority were disputed, there was testimony that she did substantially the same work as the manager and did, indeed, fill in for him on his day off, while he was on vacation and for one week after he quit.
When the credit manager quit complainant applied for the job. She did not get it and immediately thereafter *540 voluntarily left the employ of respondents. The Director of the Division on Civil Rights found that sex discrimination was a causal factor in respondents denying to complainant a promotion to the position of credit manager.
Respondents' first contention is that there is insufficient evidence to support the conclusion that complainant was denied a promotion on account of any sex discrimination.
In order to establish an "unlawful employment practice" or "unlawful discrimination" on the basis of sex within the intent and meaning of the "Law against discrimination," N.J.S.A. 10:5-1 et seq., it is not necessary that the sex discrimination be the sole reason for the employment practice under attack. If discrimination on the basis of sex played at least a part and was a causal factor in the failure of complainant to be given the job of credit manager, discrimination in violation of the statute has been established. Blair v. Freehold, 117 N.J. Super. 415, 417 (App. Div. 1971), certif. den. 60 N.J. 194 (1972); Laugesen v. Anaconda Co., 510 F.2d 307, 316-317 (9 Cir.1975); Gillin v. Federal Paper Board Co., 479 F.2d 97 (2 Cir.1973); King v. Laborers International Union, 443 F.2d 273 (6 Cir.1971). So viewed, we are satisfied that there is substantial credible evidence in the record to support the conclusion that sex discrimination played a part as a causal factor in complainant's failure to get the promotion. We, therefore, will not disturb the findings of the Director. Jackson v. Concord Co., 54 N.J. 113, 117 (1969); National Organization for Women v. Little League Baseball, Inc., 127 N.J. Super. 522, 529 (App. Div. 1974).
Respondents next contend that since complainant is presently employed and does not seek injunctive relief, it follows that the primary relief sought by her is money damages. Respondents continue to argue that when the primary or sole relief sought is money damages, the reason underlying and justifying an administrative determination of a dispute between the parties ceases to exist and they should be relegated to the law courts. In support of this contention *541 respondents rely on the following language of the Supreme Court in the case of Zahorian v. Russell Fitt Real Estate Agency, 62 N.J. 399 (1973):
But it would seem entirely evident that the recognition of administrative authority to make minor or incidental awards need not carry with it any authority to entertain a matter where, because of the severity of the consequential injury and the extensiveness of the claim, the item of damages has become primary and the other relief incidental rather than the reverse. Surely there is nothing incompatible in concluding that while the Legislature contemplated that the Director would have authority to award compensatory damages for pain and suffering as well as economic loss, his authority would be confined to an award which truly constituted only "incidental relief" [citation omitted] rather than a primary item. [at 413]
Giving full weight to respondents' argument, we find it is not applicable here. The order entered by the Director of the Division on Civil Rights directs respondents to cease and desist from any act prohibited by New Jersey legislation, and he retained jurisdiction to observe and require compliance.
Moreover, it is evident from a review of the record and consideration of the amount of damages awarded complainant that the Director was not faced with injuries of such severity or losses so extensive as to deprive him of jurisdiction.
Respondents attack the award of $1,000 for humiliation as being without any foundation by way of proof of "public or rude humiliation" and without proof of proximate cause between the alleged act of sex discrimination and the physical ailments of which complainant complains.
We disagree. "There was ample evidence to establish causation and while the amount allowed might well have been fixed in a lesser sum we are not, in light of current values, prepared to say that it was so unreasonably high as to call for its reduction at our appellate level." Zahorian v. Russell Fitt Real Estate Agency, supra at 416. (See also Gray v. Serruto Builders, Inc., 110 N.J. Super. 297, 317-318 *542 (Ch. Div. 1970), where the elements which may be considered in connection with a damage award under similar legislation and illustrative awards approved by appellate courts are discussed at length.)
Respondents' final attack is on the quantum of compensatory damages awarded. After complainant was denied the promotion to credit manager and quit, 15 1/2 weeks later she obtained a new job at a higher pay. At the time she left respondents' employ she was then earning $111.95 a week and was offered a $5 a week raise. The Director found as a fact that with complainant's background and experience she could have earned $140 a week as credit manager had she been given the promotion. He accordingly computed her compensatory damages at the rate of $140 a week for 15 1/2 weeks.
Traditional concepts of contract and tort law require one wronged by the action of another to mitigate damages. Frank Stamato & Co. v. Lodi, 4 N.J. 14, 21 (1950); Clay v. Jersey City, 74 N.J. Super. 490 (Ch. Div. 1962), aff'd 84 N.J. Super. 9 (App. Div. 1964); McGraw v. Johnson, 42 N.J. Super. 267 (App. Div. 1956). In this instance such mitigation could have been accomplished by complainant continuing in respondents' employ at the rate of $116.95 a week until obtaining suitable employment elsewhere. While some courts have suggested there may be public policy reasons for not requiring mitigation of damages in the civil rights context, we are not prepared to abandon that equitable principle. See Williams v. Albemarle City Bd. of Ed., 508 F.2d 1242 (4 Cir.1974); Taylor v. Ford Motor Co., 392 F. Supp. 254 (W.D. Mo. 1974).
We accordingly conclude that modification of the award of compensatory damages is required. The differential between the salary complainant could have earned had she continued in her same position and the salary she could have earned had she been given the promotion is $23.05 a week. The total differential between her earnings at the two positions for 15 1/2 weeks is $347.25. We accordingly modify the award of $2,170 compensatory damages by reducing it *543 to $347.25. The findings, determination and order of the Director of the Division on Civil Rights are, in all other respects, affirmed.