213 N.J. Super. 364 (1986)
517 A.2d 479
LOIS D. ROBINSON, PLAINTIFF-APPELLANT,
v.
ROBERT GONZALEZ, DEFENDANT-RESPONDENT, AND LOUIS GONZALEZ, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1986.
Decided October 23, 1986.
*366 Before Judges MORTON I. GREENBERG, J.H. COLEMAN and GRUCCIO.
Richard P. Krueger argued the cause for appellant (Krueger & Krueger, attorneys; Sandra S. Grossman, on the brief).
Edward J. Gilhooly argued the cause for respondent.
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
*367 This matter is before this court on plaintiff's appeal from what she conceives is an inadequate verdict in this motor vehicle personal injury action. The circumstances giving rise to this appeal are as follows.
On March 31, 1982 plaintiff, while operating an automobile in Elizabeth, was involved in an accident with a vehicle operated by defendant Robert Gonzalez. Unquestionably plaintiff was injured in the accident and consequently she brought this action against defendant to recover damages for the personal injuries she suffered and a trial on both liability and damages ensued.[1]
In addition to what may be regarded as conventional claims, plaintiff sought to prove that she was discharged from her employment because she missed work as a result of her injuries and thus lost wages beyond the time she was disabled. Inasmuch as defendant contended that these alleged losses were not compensable, the court conducted an Evid.R. 8 hearing to determine whether evidence of this post-disability claim would be admitted. At the outset of this hearing the judge indicated that he would accept the factual representations of plaintiff's attorney. The judge was then told that at the time of the accident plaintiff's employer had a policy to discharge any employee who for any reason, including illness, missed more than five days' work in a year unless the absences were for a job-related injury.[2] It was also represented that following the accident plaintiff continued to work but in May 1982 she could not do so and thus went to a physician. When because of her injuries she missed a second day of work that month she *368 exceeded her five-day allowance as she previously had missed work for reasons unrelated to the accident. She was then discharged. Plaintiff asserted that she could not find work for an extended period and when she did it was at lower wages than those paid at the job she lost. Plaintiff implied without expressly so stating that the length of her unemployment exceeded the period of any disability. Plaintiff sought $26,000 damages by reason of her unemployment.
The judge ruled that it was unforeseeable that as a result of a person missing two days from work she would lose her job, have difficulty in finding new employment and suffer such large damages. He reasoned that plaintiff was involved in a rather minor accident, had soft tissue back injuries and had incurred approximately $375 in medical bills. He stated that a defendant who caused that type of injury could and should reasonably foresee that the injured party would lose a minimum time from work but it was not reasonably foreseeable that as a result of two days' absence from work she would be discharged. Further, the judge considered that her prior absences from work and not the loss of the last two days were the substantial reason for the termination of her employment. Hence he would not allow proof of the claim for lost earnings attributable to her discharge.[3] Subsequently plaintiff obtained a verdict that defendant was negligent, the negligence was a proximate cause of her injuries and her damages were $7,000.[4] Plaintiff has appealed from the judgment entered on the verdict.
*369 In People Exp. Airlines, Inc. v. Consolidated Rail., 100 N.J. 246 (1985)[5] the Supreme Court dealt with a claim by a plaintiff which allegedly suffered economic losses as a result of the defendants' culpable acts in allowing a dangerous chemical to escape from a railway tank car thus requiring evacuation of surrounding areas where the plaintiff's business was located thereby disrupting its operations. The court was principally concerned with the fact that the plaintiff, unlike plaintiff here, suffered no physical harm or property damage. But in the course of his opinion for the court Justice Handler made reference to claims for economic losses by persons who have suffered physical injury. He indicated: "It is well-accepted that a defendant who negligently injures a plaintiff or his property may be liable for all proximately caused harm, including economic losses." Id. at 251. He also pointed out:
The assertion of unbounded liability is not unique to cases involving negligently caused economic loss without physical harm. Even in negligence suits in which plaintiffs have sustained physical harm, the courts have recognized that a tortfeasor is not necessarily liable for all consequences of his conduct. While a lone act can cause a finite amount of physical harm, that harm may be great and very remote in its final consequences. A single overturned lantern may burn Chicago. Some limitation is required; that limitation is the rule that a tortfeasor is liable only for that harm that he proximately caused. Proximate or legal cause has traditionally functioned to limit liability for negligent conduct. Duty has also been narrowly defined to limit liability. [Id. at 252-253]
Justice Handler also discussed proximate cause and pointed out that:
Liability depends not only on the breach of a standard of care but also on a proximate causal relationship between the breach of the duty of care and resultant losses. Proximate or legal causation is that combination of `"logic, common sense, justice, policy and precedent"' that fixes a point in a chain of events, some foreseeable and some unforeseeable, beyond which the law will bar recovery. [Id. at 264]
In discussing proximate cause Justice Handler also indicated that tortfeasors are liable only for the results falling within the foreseeable risks of their negligent conduct. In addition he *370 said that economic losses are recoverable when they are the natural and probable consequence of the defendant's negligence in the sense that the losses are reasonably to be anticipated in view of the defendant's capacity to have foreseen that a particular plaintiff or class of plaintiffs is demonstrably within the risk created by defendant's negligence. Id. at 266-267.
While People Exp. is the most recent Supreme Court case announcing the principles governing this appeal, there are other cases useful to us in our review of this matter. In general it is true that liability of defendants for losses caused in fact by their conduct has been expanding but there are limits. As noted in People Exp., sometimes liability is limited by a finding that a defendant had no duty to a plaintiff and thus cannot be held liable for losses attributable to the defendant's conduct. See also, e.g., Goldberg v. Housing Auth. of Newark, 38 N.J. 578 (1962). In other cases the courts have recognized that a defendant may have committed a tort but that policy reasons exclude a plaintiff from the class of persons suffering losses attributable to the tort who may recover for it. See Russell v. Salem Transportation Co., Inc., 61 N.J. 502 (1972).
We are satisfied that within the principles of the foregoing cases plaintiff's proofs should not have been excluded, at least not in their entirety. She undoubtedly suffered a physical injury as a result of defendant's negligence. Further, it cannot be denied that defendant owed plaintiff a duty of reasonable care in the operation of his vehicle and plaintiff is within the class of persons who could reasonably recover some losses for defendant's breach of his duty. It is also clear that the type of claim involved, loss of wages, foreseeably results from automobile accidents. We further think that while defendant obviously had no reason to be aware of plaintiff's employer's policy before the accident, it is foreseeable that a party injured in an automobile accident might miss enough work so as to cause her employer to discharge her. Finally, we point out that while the parties have cited no reported New Jersey case determining *371 whether a claim similar to that asserted here may be proven, there are cases which allow claims that are no less remote than that here. See, e.g., Menth v. Breeze Corporation, Inc., 4 N.J. 428 (1950); Mitchell v. Friedman, 11 N.J. Super. 344 (App.Div. 1951).
We reject the trial judge's approach which was to consider whether plaintiff's losses were foreseeable from the perspective of a person involved in a minor accident. Rather we hold that the court should have considered whether defendant could have reasonably foreseen that a person injured in an automobile accident could as a result of the injuries become unemployed. We think it clear that that question must be answered affirmatively.
We are, however, concerned that our opinion may be read too broadly. We emphasize that the loss for which plaintiff seeks a recovery, a wage loss, is a traditional damage claim. There are less conventional claims that might factually be attributed to an automobile accident but nevertheless as a matter of law cannot be regarded as proximately caused by a driver's negligence. As recognized in People Exp., sometimes the consequences of a defendant's negligence are simply too remote from his conduct to allow recovery for them. 100 N.J. at 253. See also, e.g., Caputzal v. The Lindsay Co., 48 N.J. 69 (1966).
We also point out that there are other limitations on our decision. While we deal with a sparse record that does not reveal exactly how long plaintiff was unemployed, in view of her substantial claim it must have been for a lengthy period. It is not our intention to encourage persons who have been injured but who recover and are able to return to work to remain unemployed at the expense of defendants or their insurance carriers. Thus we emphasize that plaintiff has the burden to establish that defendant's negligence was the proximate cause of her unemployment and wage loss. She might not be able to establish this at all to the satisfaction of the jury or she might be able to establish it only as to a portion of her period of *372 unemployment. Further, we note that plaintiff's offer of proof was very general.[6] It is possible that at the retrial the evidence offered might be inadequate to justify the court in submitting some portion of the claim to the jury. Finally, we note that plaintiff had a duty to mitigate her damages and thus perhaps she should have obtained employment at lower wages or in less desirable surroundings than those at the job she lost. See Harvard v. Bushberg Bros., 137 N.J. Super. 537, 542 (App.Div. 1975), certif. granted, 71 N.J. 493 (1976) (dismissed by stipulation).[7]
In view of our decision the matter is remanded to the Superior Court, Law Division, Union County, for a new trial on damages. The liability judgment shall stand.
NOTES
[1] The owner of defendant's vehicle, Louis Gonzalez, was also made a defendant but the action was dismissed as to him at trial. Inasmuch as no appeal was taken from that disposition, he is not a respondent on this appeal and no further reference to him will be made.
[2] In her brief on the appeal plaintiff asserts that the provision was in the collective bargaining agreement between her union and the employer.
[3] We have an incomplete record in this case as plaintiff obtained an order from the trial court for an abbreviated transcript limited to the Evid.R. 8 hearing. See R. 2:5-3. At the Evid.R. 8 hearing the judge permitted plaintiff to seek recovery for the wage loss for the two days she missed prior to her discharge but we are not certain she did so. We note, however, that we have been supplied with the judge's charge to the jury and no mention of lost wages is made therein.
[4] The judge ruled that as a matter of law plaintiff was not negligent.
[5] This case was decided after the trial in this action.
[6] This is understandable inasmuch as the court was ruling out her claim entirely.
[7] The parties have not briefed the possible application of the income continuation benefits provisions of the No Fault Act to this case. See N.J.S.A. 39:6A-4(b). We were told at oral argument that plaintiff has not sought these benefits. We do not pass on whether defendant may raise N.J.S.A. 39:6A-12 as a defense in this case.